IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § | |
| | § | |
| v. | § | CRIMINAL NO. H-08-438 |
| | § | |
| JAMES LaRUE HARRIS | § | |

## **MEMORANDUM AND ORDER**

Defendant James LaRue Harris filed a Motion to Suppress [Doc. # 16], on which the Court held an evidentiary hearing on February 11, 2010. By Memorandum and Order [Doc. # 29] entered February 18, 2010, the Court denied the suppression motion.

The facts, set forth more fully in the Court's February 18, 2010 Memorandum and Order, are that Detective Keith Carter of the Fort Bend County Sheriff's Department, assisted by Katy Police Department Officer Timothy Pawlak, executed an arrest warrant for Defendant at his residence. Both Detective Carter and Officer Pawlak knew beforehand that Defendant was a convicted felon. When they arrested Defendant, he was wearing only pajama pants so the officers allowed him to go to his bedroom in the house – accompanied by the officers – to change into appropriate clothes before being transported to jail. Almost immediately after entering Defendant's bedroom, the officers noticed a handgun on the bed. Officer Pawlak also

noticed a large gun cabinet in the bedroom with a glass front and long guns inside. Knowing that Defendant was a convicted felon, the officers were aware at that point that the firearms were evidence of a crime. The firearms were eventually secured and seized.

Shortly after denying Defendant's Motion to Suppress, the Court received a four-page letter [Doc. # 31] from Defendant complaining about his attorney's performance at the suppression hearing and presenting a number of issues that Defendant believes his attorney should have argued more forcefully at the hearing. The Court notes that defense counsel performed competently and argued vigorously on Defendant's behalf. The Court agrees to a limited extent, however, with a couple of the substantive issues Defendant raises in his letter. For example, although the gun cabinet in Defendant's bedroom is visible in one of the photographs as a reflection in a mirror, taking a separate photograph of the gun cabinet would have assisted the Court. It is noted, however, that a better picture of the cabinet would likely have confirmed that the guns inside the cabinet were visible from where Officer Pawlak was standing while waiting for Defendant to dress. These points do not change the outcome of the suppression motion, which was adverse to Defendant.

The Court also agrees that "Officer Pawlik's [*sic*] perception of 'plain view' is questionable." *See* Letter, p. 2. For purposes of the Motion to Suppress, however, the

Court found without reservation that the handgun lying on Defendant's bed and the long guns in the gun cabinet in Defendant's bedroom were in plain view. Although some of the other contraband discovered by Officer Pawlak and the other officers, such as narcotics and drug paraphernalia, would not satisfy the legal requirements for the "plain view" doctrine, that contraband is not at issue in this case and does not affect the "plain view" status of the firearms found in Defendant's bedroom.

Having carefully reviewed and considered Defendant's letter, the Court concludes that its denial of Defendant's Motion to Suppress, for the reasons stated in the February 18, 2010 Memorandum and Order, is correct and will not be modified. It is so ordered.

Signed at Houston, Texas, this **2**<u>nd</u> day of **March, 2010**.

_____
Nancy F. Atlas
United States District Judge